NICOLAS J. BONTRAGER (State Bar No. 252114)
KROHN & MOSS. LTD.
5055 Wilshire Boulevard, Suite 300
Los Angeles, CA 90036
Telephone: (323) 988-2400
Facsimile: (866) 802-0021
E-Mail: nbontrager@consumerlawcenter.com

Attorneys for Plaintiff GEOFF EMMETT

DION N. COMINOS (State Bar No. 136522)
CATHERINE A. SALAH (State Bar No. 154524)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
E-Mail: dcominos@gordonrees.com
        csalah@gordonrees.com

Attorneys for Defendant I.C. SYSTEM, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| GEOFF EMMETT,<br><br>    Plaintiff,<br><br>vs.<br><br>I.C. SYSTEM, INC.,<br><br>    Defendant. | CASE NO. **2:08-cv-02543-GEB-GGH**<br><br>**STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIALITY OF INFORMATION, DOCUMENTS AND OTHER MATERIALS AND THINGS**<br><br>Complaint Filed: October 24, 2008<br>Trial Date: February 23, 2010 |

**IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiff GEOFF EMMETT ("Plaintiff") and Defendant I.C. SYSTEM, INC. ("Defendant"), by and through their respective attorneys of record, as follows:

**RECITALS**

A. Plaintiff commenced this action by the filing of a complaint against Defendant on October 24, 2008, in the United States District Court, Central District of California;

B. The discovery and pre-trial phase of this action may involve the disclosure of information and documents which a party believes to be protected as trade secrets, and/or other confidential and proprietary business, technical, and financial information; and

C. The parties therefore stipulate and request that Court enter the following order under Rule 26(c)(7) of the Federal Rules of Civil Procedure, and applicable decisional law regarding the treatment of trade secrets and confidential information.

**STIPULATION**

1. Designation of Confidentiality. A party responding to requests for production, interrogatories, or requests for admission may, acting in good faith, designate the responsive information to that discovery as "CONFIDENTIAL" (hereafter referred to as "information designated as confidential"). That party shall make the designation by producing the information and affixing a stamp conspicuously designating the information as "CONFIDENTIAL."

2. Protection of Information Designated as Confidential. Any *information designated as confidential* shall be protected as confidential under the terms of this Order until such time as 1) the Court rules on, and rejects, the designation pursuant to a motion by party challenging the designation, or 2) the designating party waives its assertion of confidentiality expressly in writing. At that time, the materials cease to be subject to the protections of this order and the information may be used in any fashion consistent with other materials obtained through discovery. Any information which is designated as confidential may not be used outside this case and may only be used in this litigation. This information may only be disclosed to:

   a. Other attorneys and parties appearing in this case who have agreed to be bound by this order.

   b. Staff and office personnel employed by the attorneys and parties who have appeared in this case.

   c. Lay and Expert witnesses disclosed by the parties who have agreed to be bound by this order.

   d. Deponents.

        e.        The Court and its personnel under seal, subject to the provisions of this order.

        f.        Court reporters engaged to transcribe the proceedings or discovery in this case.

Each person - excepting the Court and its personnel - who receives material subject to the protections of this order shall be given a copy of this order prior to receiving the materials and execute a copy of the acknowledgment attached Exhibit A to this order. No person apart from counsel for the parties to this matter may be provided with any material designated as "CONFIDENTIAL" unless that person is designated above and has executed that acknowledgment.

3.    <u>Objections to the Designation of Confidentiality.</u>  Any party receiving information designated as confidential may object to that designation at any time. A party who objects to the designation shall serve objections to the designation and request in writing a conference to resolve the conflict. The party challenging the designation is responsible for making good faith efforts to arrange that conference. If the parties cannot resolve the objections to the designation, the party challenging the designation of confidentiality shall move to have the information exempted from this Order.

4.    <u>Use of Confidential Materials in Dispositive Motions and At Trial.</u>  No *information designated as confidential* shall be submitted to or filed with the Court in connection with any motion or at trial unless the party seeking to submit or file the information, for good cause shown, moves to seal the Court's record and proceedings and continue the protections of this order. The parties shall adhere to E.D. Cal. L.R. 39-141. A party who intends to use any information which is designated as confidential in connection with the trial of this action must identify the document in the joint final pretrial order, along with a separate list of the information which is protected as confidential which that party will seek to submit.

/////

/////

/////

-3-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  The Court will retain jurisdiction over the parties for purposes of enforcement or
2  modification of this order.
3  **IT IS SO STIPULATED.**

Dated: March 12, 2009             KROHN & MOSS, LTD

                                   /s/ Nicholas J. Bontrager
                              By: _____
                                  NICHOLAS J. BONTRAGER
                                  Attorneys for Plaintiff
                                  GEOFF EMMETT

Dated: March 12, 2009             GORDON & REES LLP

                                   /s/ Catherine A. Salah
                              By: _____
                                  CATHERINE A. SALAH
                                  Attorneys for Defendant
                                  I.C. SYSTEM, INC.

Based upon the above stipulation and good case showing,

**IT IS SO ORDERED.  (The court has modified initially stipulated provisions relating to filing documents under seal to comply with case law and the local rules of this court)**

Dated: April 9, 2009              /s/ Gregory G. Hollows
                                  _____
                                  UNITED STATES MAGISTRATE JUDGE